UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAYNE CIECHANOWSKI,

      Plaintiff,                               CIVIL ACTION NO. 07-13897

      v.                                      DISTRICT JUDGE PAUL D. BORMAN

TELEFLEX FLUID SYSTEMS, INC.,      MAGISTRATE JUDGE VIRGINIA MORGAN
a Foreign Profit Corporation, JOSEPH
POSPISIL, North American Sales
Manager, GEOFFREY WEINER, Human
Resources Director, ROBERT MOONEY,
President, Individually and in Their
Corporate Capacities, and CORE SOURCE
DISABILITY INSURANCE SERVICES,
Jointly and Severally,

      Defendants.
_____/

## **ORDER**

      This matter is before the court on three motions which were heard on January 28, 2008 before the magistrate judge. The case was removed from state court. Plaintiff was an employee of defendant Teleflex. She alleges that she was wrongfully discharged after 19.5 years of employment there. She was in her early 50s and had developed multiple sclerosis. She seeks to raise claims under the Michigan Persons with Disabilities Act, perhaps the ADA, and the FMLA, and other statutes. She also alleges that she was improperly denied short term disability benefits under the ERISA qualified Plan of the employer. Defendant CoreSource is the Plan

Administrator for that entity. She has also sued individuals associated with defendants. A hearing was held before the magistrate judge on January 28, 2008. For the reasons stated on the record, IT IS ORDERED as follows:

1. Defendant CoreSource's Motion to Set Aside Clerk's Entry of Default (#14) IS GRANTED.

The court finds that service on CoreSource was not properly made. At oral argument, defendant's counsel agreed to accept service of the summons and complaint or amended complaint. On or before February 29, 2008, plaintiff may serve the summons and complaint or amended complaint on defense counsel. If additional defendants are named (e.g. the ERISA Plan), plaintiff shall properly serve those defendants unless advised in writing by defense counsel that he will accept service.

2. Plaintiff's Motion for Judgment as to CoreSource (#13) IS DENIED AS MOOT.

Plaintiff seeks entry of a default judgment against CoreSource. Because the Clerk's Entry of Default is set aside, there is no longer a basis for a default judgment. Thus, the motion is denied as moot.

3. Plaintiff's Motion for Partial Summary Judgment (#7) IS DENIED.

Plaintiff seeks entry of judgment against Teleflex, CoreSource, and Mr. Pospisil as a sanction for their failure to respond to the Interrogatories, Requests to Admit, and Production of Documents. She relies on Michigan Court Rules. The case is now in federal court and will proceed under the Federal Rules of Civil Procedure, local court rules, and federal procedural law.

4. IT IS FURTHER ORDERED that after service of the complaint/amended complaint and the filing of the answer to the complaint or other responsive pleading by defendants, counsel are ordered to meet and confer within 14 days, pursuant to FRCP Rule 26(f) in order to attempt to resolve any outstanding issues of service or the form of the complaint, to develop a discovery plan and to make provision for the exchange mandatory disclosures pursuant to Rule 26(a)(1). If counsel believe that a discovery conference with the magistrate judge would be helpful, they may contact the chambers of the magistrate judge to schedule that proceeding.

SO ORDERED.

                                          S/Virginia M. Morgan
                                          Virginia M. Morgan
                                          United States Magistrate Judge

Dated: February 1, 2008

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 1, 2008.

                                          s/Barbara M. Radke
                                          Secretary to
                                          Magistrate Judge Virginia M. Morgan