**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JAYNE CIECHANOWSKI, | ) | CASE NO.: 2:07-CV-13897-PDB-VMM |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL D. BORMAN |
| | ) | |
| v. | ) | Magistrate Judge Virginia M. Morgan |
| | ) | |
| TELEFLEX FLUID SYSTEMS, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## STIPULATED PROTECTIVE ORDER

The parties hereby stipulated to this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. In support of this Order, the Court finds that:

Documents or information containing CONFIDENTIAL proprietary and business information and/or trade secrets as well other CONFIDENTIAL information that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation.

The parties to this litigation assert that public dissemination and disclosure of certain CONFIDENTIAL information could severely injure or damage the party disclosing or producing the information and could place that party at a competitive disadvantage.

To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order is issued,

**IT IS THEREFORE ORDERED THAT:**

1.      The term "CONFIDENTIAL Information" as used herein shall mean any

document, testimony, or thing that is designated by a party as either "CONFIDENTIAL," or "CONFIDENTIAL -- LAWYERS ONLY" as provided in this Protective Order.

2.     The parties stipulate that any party hereto may reasonably and in good faith designate documents or written discovery responses as "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY," provided such designation is stamped on the documents and/or made in writing either concurrently with the production of such documents, or within thirty (30) calendar days thereafter to all counsel of record. Further, any party to this Order may reasonably and in good faith designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY," provided such designation is made on the record during the deposition or by written notification to all counsel of record within thirty (30) calendar days of the receipt of the transcript.

3.     At any time after the delivery of "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" documents, counsel for the party or parties receiving the documents may challenge the CONFIDENTIAL designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the documents. If the parties are unable to agree as to whether the CONFIDENTIAL designation of discovery material is appropriate, the party or parties receiving the "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS Only" documents shall certify to the Court that the parties cannot reach an agreement as to the CONFIDENTIAL nature of all or a portion of the documents. Thereafter, the party or parties disclosing or producing the "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS Only" documents shall have ten (10) business days from the date of certification to file a motion for protective order with regard to any "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS Only" documents in dispute. The party or parties producing the

"CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS Only" documents shall have the burden of establishing that the disputed documents are entitled to CONFIDENTIAL treatment. If the party or parties producing the "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" documents do not timely file a motion for protective order, then the documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a document is entitled to confidential treatment.

4.      The designation of Confidential Information pursuant to this Protective Order shall not be construed as a concession by the designating party that such information is relevant, material or admissible as to any issue. Nothing in this Protective Order shall be construed as waiving any objection to the production of evidence or to discovery requests, nor shall this Protective Order be construed to require the production of any particular testimony, documents, evidence or other information. The failure of any party to seek an order challenging a confidential designation shall not be deemed a concession by the party that a documents designated "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" is in fact appropriately designated as such.

5.      Confidential Information shall be segregated and maintained in a safe and secure manner at the premises and under the direct control of counsel for the non-producing parties, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Protective Order.

6. Confidential Information may be used by the parties receiving it for purposes of this Action only and for no other purpose, except that EDS may also use such information for legitimate business purposes such as internal financial reporting.

7. This Order shall be without prejudice to the right of a producing party to seek additional protection for any Confidential Information and of a requesting party to seek more limited protection or removal of protection for Confidential Information.

8. In designating any document "CONFIDENTIAL," the party making such designation shall make a designation only with respect to a document or information that that party reasonably and in good faith believes is confidential and which it would not normally reveal to others, or would cause others to maintain in confidence. In designating any document or information "CONFIDENTIAL -- LAWYERS ONLY," a party shall make such designation only with respect to material or information that that party in good faith considers to be of such a highly sensitive personal or commercial nature that its disclosure to the other parties would prejudice its ability to conduct its business.

9. "CONFIDENTIAL" Information may be disclosed only to (a) the parties, the parties' attorneys working directly on this action, and any paralegal assistants, stenographic, or clerical employees or other persons working directly on this action under the supervision of such attorneys; (b) any independent designated expert(s) retained by a party to work directly on this action; (c) potential or actual witnesses, interviewees, and deponents; (d) the Court; and (e) any court reporting services retained by the parties.

10. A person identified in Paragraphs 9(b) or 9(c) above shall have access to CONFIDENTIAL Information only if: (a) the disclosing party believes in good faith that such access may assist in the preparation of the prosecution of this action; and (b) such person is

provided with a copy of this Order and certifies that he or she has carefully read the Order and fully understands it. Such person shall signify his or her agreement to be bound by the Order by signing a certificate in the form attached hereto as Exhibit A. Counsel making such disclosure to any such person shall keep the original of each executed declaration. Persons identified in Paragraphs 9(b), (c) and (e) above who are provided access to Confidential Information in accordance with the provisions hereof shall not be allowed to retain copies of any document or other tangible item designated CONFIDENTIAL.

11.     "CONFIDENTIAL -- LAWYERS ONLY" information shall be disclosed only to counsel of record for the parties, designated in-house counsel for the parties, paralegal assistants, and clerical employees working directly on this action under the supervision of such attorneys. "CONFIDENTIAL -- LAWYERS ONLY" information also may be disclosed to the Court or to a court reporting service under seal. Before "CONFIDENTIAL -- LAWYERS ONLY" information can be disclosed to any other person (such as parties, witnesses, deponents, or experts), the parties shall confer to determine the circumstances and conditions of such disclosure. If no agreement on disclosure or the appropriate terms of disclosure is reached, the party seeking disclosure may move the Court for a determination on whether any, if so under what conditions, disclosure shall be made. Such application, any response from a party opposing the request, and the Court's ruling on the request shall be under seal.

12.     Persons in the possession of CONFIDENTIAL Information shall not disclose such information to any other person, except in conformity with this Order. Persons in possession of "CONFIDENTIAL -- LAWYERS ONLY" information are expressly prohibited from disclosing such information to any other person, including, but not limited to, the parties, except in conformity with this Order.

13. As set forth herein, the failure to designate certain documents as "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" does not waive and shall not prejudice a party's right to so designate similar material thereafter.

14. With respect to medical records related to medical treatment received by Plaintiff and, as set forth above, with respect to documents designated "CONFIDENTIAL -- LAWYERS ONLY," the parties agree to submit such documents to the Court under seal for purposes of pre-trial proceedings. This provision shall not prohibit the use or introduction into evidence of such documents at trial.

15. Prior to trial, the parties will attempt to agree upon a mechanism for the handling of Confidential Information at any court hearing and/or trial. Failing agreement, Confidential Information shall be handled as directed by the Court.

16. This Order shall remain in full force and effect until modified, superseded or terminated by further order of this Court, and shall survive the termination of this action; provided, however, that this Order may be amended by stipulation between the parties to this action or upon regularly noticed motion to the Court.

17. Inadvertent or unintentional production of documents or information containing CONFIDENTIAL Information which are not designated "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" shall not be deemed a waiver in whole or in part of a claim for CONFIDENTIAL treatment.

18. The party or parties receiving "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" documents shall not under any circumstances sell, offer for sale, advertise, or publicize such documents or any information contained therein.

19.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" documents for enforcement of the provisions of this Order following termination of this litigation.

20.     Within thirty (30) days of the termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" documents shall return the documents to the counsel for the party or parties disclosing or producing the documents.  The party or parties receiving the "CONFIDENTIAL" or "CONFIDENTIAL -- LAWYERS ONLY" documents shall keep their attorney work product which refers or relates to any such documents.  Attorney work product may be used in subsequent litigation provided that such use does not disclose "CONFIDENTIAL" or "CONFIDENTIAL --LAWYERS ONLY" documents or any information contained therein.

21.     The parties agree that, in the event of production of attorney-client privileged or attorney work product documents or information, such material will be returned to counsel for the producing party and that no claim of waiver shall be asserted by the party to whom the material was produced.

22.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED.**

jbrislin@dickinsonwright.com
(P68759)

*Attorney for CoreSource Inc.*                    s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
February 22, 2008.


                                                  s/Denise Goodine
                                                  Case Manager


Stipulated, Agreed, and Approved by:


s/Brian J. Cole                                   s/Khalid Sheikh
Brian J. Cole                                     Khalid Sheikh
48 Market Street, Suite 2C                        176 S. Main Street, Suite 1
Mt. Clemens, MI 48043                             Mt. Clemens, MI 48043
(586) 469-2780 (telephone)                        (586) 463-5821 (telephone)
bcole_pllc@hotmail.com                            (586) 463-3656 (facsimile)
(P64507)                                          sheikhlaw@aol.com
                                                  (P56975)

*Attorney for Plaintiff*
                                                  *Attorney for Plaintiff*


s/Patrick B. Green                                s/Stephen C. Sutton
Patrick B. Green                                  Stephen C. Sutton
Dickinson Wright PLLC                             BAKER & HOSTETLER LLP
500 Woodward Ave., Suite 4000                     1900 East Ninth Street, Suite 3200
Detroit, MI 48226                                 Cleveland, OH  44114-3485
(313) 223-3500 (telephone)                        (216) 621-0200 (telephone)
(313) 223-3598 (facsimile)                        (216) 696-0740 (facsimile)
                                                  ssutton@bakerlaw.com
                                                  (OH0055646)

                                                  *Attorney for Defendants Teleflex Fluid
                                                  Systems, Inc., Geoffrey Weiner, Joseph
                                                  Pospisil, and Robert Mooney*

pgreen@dickinsonwright.com
(P68759)


*Attorney for CoreSource Inc.*

 

s/Stephen C. Sutton         
Stephen C. Sutton
BAKER & HOSTETLER LLP
1900 East Ninth Street, Suite 3200
Cleveland, OH  44114-3485
(216) 621-0200 (telephone)
(216) 696-0740 (facsimile)
ssutton@bakerlaw.com
(OH0055646)

*Attorney for Defendants Teleflex Fluid
Systems, Inc., Geoffrey Weiner, Joseph
Pospisil, and Robert Mooney*

**EXHIBIT A**

The undersigned has read and understands the terms of the Protective Order which has been entered in *Ciechanowski v. Teleflex Fluid Systems, Inc. et al.*, United States District Court, Eastern District of Michigan, Case No. 2:07-CV-13897-PDB-VMM and agrees to abide by the terms of the Protective Order.

Date:_____          _____
                                       Signed Name


                                       _____
                                       Printed Name